IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR-22-03-H-BMM |
| vs. | ORDER |
| MATTHEW PHILLIP HAMPER, | |
| Defendant. | |

## INTRODUCTION

Defendant Matthew Phillip Hamper ("Hamper") filed a motion to suppress all evidence obtained by law enforcement and any derivative evidence resulting from a search of a recreational vehicle located at the same residence as his house on July 7, 2022. (Doc. 17.) State law enforcement conducted a warrantless search of Hamper's house pursuant to conditions of his parole. Hamper asserted that law enforcement lacked probable cause to conduct a separate warrantless search of a recreational vehicle parked at the residence. (Doc. 18.) Hamper also asserted that the Fourth Amendment requires law enforcement to obtain a warrant for the search of the recreational vehicle. *Id*. The Government opposed the motion. (Doc. 22.) The Court held a hearing on the matter on August 17, 2022. (Doc. 25.)

The Court issued an order denying Hamper's Motion to Suppress on September 19, 2022. (Doc. 35.) The Government filed a notice on October 7, 2022, to notify the Court of a factual statement in the Court's order that is unsupported by the record. (Doc. 36.) Hamper objects and requests that the Court strike the Government's notice. (Doc. 44.)

## DISCUSSION

The Court declines to modify the Order issued on September 19, 2022, denying Hamper's Motion to Suppress. (*See* Doc. 35.) The Court recognizes that the Order misstates that Officer Lougee relied on the Missouri River Drug Task Force ("MRDTF") investigation and surveillance prior to conducting the probation search of the recreational vehicle. The Court nevertheless articulated and relied on ample evidence to support the conclusion that Officer Lougee knew that Hamper kept methamphetamine inside the recreational vehicle based on informing from other sources, including: Sheriff Doolittle's communications to Officer Lougee regarding his confidential source (Doc. 35 at 15 (citing Doc. 22-8 at 7)); Hamper's admission that his urine sample would have tested positive for methamphetamine (*id.* (citing Doc. 22-9 at 1)); the fact that Hamper did not appear to live in the room he claimed was his (*id.* (citing Doc. 22-9 at 1)); that his keyring had keys on it he claimed were not his (*id.* (citing Doc. 22-9 at 2)); and that nobody was else at the property, yet the AC was running in the recreational vehicle (*id.* (citing Doc. 22-9

2

at 2)). These facts indicate that Officer Lougee possessed reasonable suspicion to search the recreational vehicle.

The Court concedes that it incorrectly included information from the MRDTF investigation to support Officer Lougee's probable cause. Exclusion of this evidence would have no effect on the Court's conclusion to deny Hamper's Motion to Suppress. Hamper retains his right to appeal the Court's Order (Doc. 43) as it was written.

## ORDER

The Court declines to modify its Order issued on September 19, 2022. Accordingly, **IT IS ORDERED** that Hamper's Motion to Strike (Doc. 44) is **DENIED**.

Dated this 3rd day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court